UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOHN HOMOKI, et al.           :
                              : CASE NO. 1:12-CV-2926
         Plaintiff,           :
                              :
vs.                           : OPINION & ORDER
                              : [Resolving Doc. No. 4]
RIVERS EDGE TREE STANDS, et al.  :
                              :
         Defendants.          :
                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this diversity action, Plaintiffs John and Barbara Homoki move to remand the case to state court. [Doc. 4.] Defendant Rivers Edge Tree Stands, Inc., ("Rivers Edge") opposes the motion. [Doc. 10.] For the following reasons, this Court DENIES Plaintiffs' motion to remand.

I. Facts

On October 19, 2012, the Homokis filed this products liability action in the Lorain County, Ohio, Court of Common Pleas. [Doc. 1, at 1.] They allege that a tree stand—a device used by hunters to elevate themselves above their prey—manufactured by Rivers Edge malfunctioned. [Doc. 1-1, at 3.] They also allege that John Homoki suffered serious personal injuries as a result of the malfunction. [*Id.*] The complaint includes six counts, including negligence, failure to warn, design defect, and loss of consortium. [*Id.*] In their prayer for relief, however, the Homokis sought to preclude this Court's exercise of jurisdiction by requesting that damages not exceed $74,999. [*Id.* at 7.]

On November 27, 2012, Defendants removed the case to this Court. [Doc. 1.] To demonstrate that the value of Plaintiffs' claim exceeded $75,000, they pointed to a pre-suit demand

Case No. 1:12-CV-2926
Gwin, J.

letter from Plaintiffs that requested $250,000. [*Id.*] Defendants also noted that John Homoki's medical bills exceeded $43,000 as of June 2012. [*Id.*] Defendants believe that these facts, along with Plaintiffs' claims for pain, suffering, inconvenience, and loss of consortium make it more likely than not that the value of the claim exceeds $75,000 and thus meets this Court's jurisdictional requirement.

On November 30, 2012, Plaintiffs filed a motion to remand their case to state court. [Doc. 4.] The motion became ripe for adjudication on December 17, 2012.

## II. Law

Any civil action commenced in state court may be removed by the defendant to the district court if the district court could have exercised original jurisdiction over the dispute. 28 U.S.C. § 1441(a). A district court may exercise original jurisdiction over any civil action where the amount in controversy exclusive of interest and costs exceeds $75,000, and if the parties have diversity of citizenship. 28 U.S.C. § 1332(a). The parties in this case agree that diversity of citizenship exists, but disagree as to whether the amount in controversy requirement is satisfied.

A plaintiff is generally considered the "master of his complaint" and can plead to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007). But, if the state lawsuit could have yielded more than the amount requested in the prayer for relief, the damages disclaimer is no longer a bar to federal jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). In such situations, a defendant may overcome a damages disclaimer by demonstrating that the damages are "more likely than not to meet the amount in controversy requirement . . . ." *Smith*, 505 F.3d at 407 (quoting *Williamson*, 481 F.3d at 375).

Case No. 1:12-CV-2926
Gwin, J.

The Ohio Rules of Civil Procedure permit an award in excess of that demanded in the complaint. Ohio R. Civ. P. 54(C) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."). Therefore, Defendants may overcome the damages disclaimer by demonstrating that the damages at issue in this case are more likely than not to exceed $75,000.

III. Analysis

Rivers Edge has demonstrated that it is probable that Plaintiffs' claims exceed the jurisdictional threshold. The Homokis' pre-litigation letter demanded $250,000 to compensate for $43,609.92 in medical expenses, future medical expenses, pain, suffering, inconvenience, and loss of consortium. [Doc. 10-2, at 2.] Plaintiffs now seek to minimize the claim amounts in their briefing in support of their motion to remand.

The Homokis first say that the consortium claim has "*de minimis* value at best." [Doc. 11, at 2.] But the determination of removability is at the time that the complaint is filed, not when Plaintiffs recharacterize the value of their claims to support their motion to remand. All claims for intangible loss present valuation difficulties. *See Staley v. Grage Insurance*, 2002 WL 32117137 (Ohio Com. Pl. Nov. 13, 2002) (awarding teenager $20,000 for father's head injury); *Herron v. Mullins*, 1997 WL 33104241 (Ohio Com. Pl. May 1997) (awarding husband $30,000 for wife's knee injury and resulting arthritis); *Payson v. United Servs. Auto.*, 1996 WL 33105322 (Ohio Com. Pl. June 19, 1996) (awarding wife $5,000 for husband's soft tissue neck injury). This is not to say that Plaintiffs' consortium claim will yield a similar award, but that Plaintiffs' assertion that the claim has *de minimis* value is not compelling.

Next, the Homokis assert that the value of present medical expenses is only $7,944.63, as

Case No. 1:12-CV-2926
Gwin, J.

opposed to $43,609.92. [Doc. 11, at 1.] According to Plaintiffs, medical providers billed the higher amount, yet accepted as payment in full the lower amount. Plaintiffs put forth no evidence documenting that this lesser amount is the correct amount of damages for current medical expenses. This proposition also conflicts with the demand in the pre-litigation letter, which asked for $250,000 to cover the more than $40,000 in medical bills. [Doc. 1-2, at 2.] Finally, Plaintiffs raised this argument for the first time in their reply brief. It is therefore waived. *See Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) ("[Defendant] failed to raise [the] argument in its opening brief. I decline to consider those arguments, and deem them waived for purposes of defendant's motion for summary judgment.") (citing *United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006)).

The Homokis also say that this Court's inspection of the pre-suit demand letter is inappropriate. They do not cite to any case that supports this proposition, but instead make vague statements insisting that such a practice runs afoul of Rule 408 of the Federal Rules of Evidence. *See* Fed. R. Evid. 408(a) ("Evidence of [settlement promises] is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . ."). Rule 408 is not a blanket rule that wholly precludes the consideration of settlement discussions. Rather, evidence of such discussions may be admitted for any purpose not specifically excluded by the Rule. Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). The Ninth Circuit recently held that settlement discussions may be considered by a district court to determine whether it may exercise jurisdiction:

> Rule 408 is designed to ensure that parties may make offers during settlement

Case No. 1:12-CV-2926
Gwin, J.

> negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured.

*Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007). The purpose of Rule 408—to encourage the settlement of disputes—is not affected by allowing courts to consider settlement demands for purposes of evaluating claims. If anything, it is aided; plaintiffs now know that unrealistic settlement demands could carry with them the consequence of federal diversity jurisdiction.

Other district courts in the Sixth Circuit agree. *See, e.g.*, *Smith v. Phillips & Jordan, Inc.*, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011); *Whisman v. Perdue Farms, Inc.*, 2007 WL 1150287, at *1 (E.D. Ky. Apr. 18, 2007); *Osborne v. Pinsonneault*, 2007 WL 710131, at *1 (W.D. Ky. March 2, 2007). *See also* *Thomas v. Law Firm of Simpson & Cybak*, 244 F. App'x 741, 744 (7th Cir. 2007) ("The district court had broad discretion to admit evidence under Rule 408 for a purpose other than proving liability, and it did not abuse that discretion where it considered the offer for the limited purpose of determining jurisdiction."). This position finds further support in the text of the removal statute, which explicitly permits this Court to consider "other paper[s]" outside the pleadings. 28 U.S.C. § 1446(b); *see also* *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 201 (D. Conn. 2004) (listing cases from the Fourth, Seventh, Ninth, and Eleventh Circuits adopting this interpretation). This Court declines to adopt a position that runs counter to the policy of Rule 408, and that does not appear to have been adopted by any federal court.

Finally, the Homokis contend that the value of their suit must cannot exceed $75,000 because Defendants deny liability and offered only $7,500 to settle the dispute. But, diversity jurisdiction

-5-

Case No. 1:12-CV-2926
Gwin, J.

is established if the amount *in controversy* exceeds $75,000, not if Defendants' belief as to the claim's value exceeds $75,000. Adopting Plaintiffs' argument would destroy all instances of diversity jurisdiction, for it is the rare defendant who admits the veracity of his opponent's claim. That Defendants did not offer to settle the case for more than $75,000 has no bearing on whether the claim is worth more than that amount.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand this case to state court is DENIED.

IT IS SO ORDERED.


Dated: December 19, 2012                    s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE